UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADMERLE HALL-HOSKINS, D.O., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CV-0329-CVE-JFJ |
| ) | |
| CATC MEDSTAFF, P.C. and ) | |
| CAREATC, INC., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is Defendants' Combined Motion for Partial Summary Judgment and Brief in Support (Dkt. # 24), seeking summary judgment in favor of CareATC, Inc. (CareATC) only. CareATC argues that it was not a party to either of the employment agreements giving rise to plaintiff's breach of contract claims, and CareATC asserts that it cannot be held liable for breach of contract. Plaintiff responds that CareATC is a proper party, even though it is not named in the employment agreements, under several theories that permit a plaintiff to bring a claim against a party who was not a signatory to a contract.

**I.**

On September 27, 2018, plaintiff Admerle Hall-Hoskins, D.O. entered an employment agreement with CATC Medstaff, P.C. (CATC) to work as a physician. Dr. Hoskins alleges that she was hired to work at a medical clinic for employees of the city of Irving, Texas. Dkt. # 2, at 5. The contract states that the parties to the employment agreement are "CATC Medstaff, P.C., an Oklahoma professional corporation ("CATC"), and Admerle Hall-Hoskins DO ("Physician")." Dkt. # 24-1, at 2. Dr. Hall-Hoskins alleges that the first employment agreement was terminated by

"defendants" because she allegedly lacked the necessary credentials for her job. Dkt. # 2, at 10. Dr. Hall-Hoskins subsequently entered a second employment agreement with CATC, and the agreement identified Dr. Hall-Hoskins and "CATC Medstaff, P.C." as the parties to the agreement. Dkt # 24-2, at 1. On March 24, 2020, Dr. Hall-Hoskins alleges that she received notice through her attorney that her employment was being terminated for bad acts and failure to comply with defendants' policies. Dkt. # 2, at 15.

On July 9, 2020, Dr. Hall-Hoskins filed this case alleging two breach of contract claims. Each breach of contract claim concerns Dr. Hall-Hoskins' termination under a separate employment agreement, and she could also be alleging that defendants are liable for violating the implied covenant of good faith and fair dealing. The complaint names CATC and CareATC as defendants, but there are no specific allegations explaining the legal theory under which CareATC can be held liable as a party to either employment agreement. The complaint simply states that "Plaintiff entered into an Agreement with Defendants," and she does not mention that CareATC is not actually named as a party in either employment agreement. Dkt. # 2, at 2.

In her response to defendants' motion for summary judgment, Dr. Hall-Hoskins has submitted an affidavit stating that she "executed a five-page letter agreement with CATC Medstaff, P.C. and CareATC, Inc., as [her] employer." Dkt. # 25-1. However, the agreement she references is actually a "non-disclosure and protective agreeement," although it does define the term "Employer" as "CATC Medstaff, P.C., and its affiliate CareATC, Inc." Dkt. # 25-1, at 4. The termination letter for the first employment agreement is on letterhead for CareATC," and the letter is signed by CareATC's human resources manager, Kimberly Hutton. Id. at 10-11. Hutton also signed the second employment agreement on behalf of CATC. Dkt. # 24-2, at 4. Plaintiff has also

2

attached a copy of a letter sent to her attorney in reference to her demand for arbitration in which defendants' attorney refers to "CareATC" as plaintiff's former employer.  Dkt. # 25-2.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993).  The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317.  "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff."  Anderson, 477 U.S. at 252.  In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 250.  In its review,

the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

CareATC argues that it was not named as a party to either of the employment agreements giving rise to plaintiff's breach of contract claims, and it argues that it cannot be held liable for the alleged breach of either employment agreement. Dkt. # 24, at 3-4.  Plaintiff responds that there are multiple theories under which an unnamed party can be bound to a contract, and there are genuine disputes of material fact as to whether both named defendants were acting as plaintiff's employer. Dkt. # 25, at 6.  In its reply, defendant argues that none of these legal theories plaintiff now invokes as a basis to hold CareATC liable was even mentioned in the complaint, and plaintiff's evidence is insufficient to show that the parties intended for CareATC to be a party to either employment agreement. Dkt. # 29.

Under Oklahoma law, "[a] breach of contract is a material failure of performance of a duty arising under or imposed by agreement." Lewis v. Farmers Ins. Co., 681 P.2d 67, 69 (Okla. 1983). The three elements of a breach of contract claim are "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." Digital Design Grp., Inc. v. Info. Builders, Inc., 24 P.3d 834, 843 (Okla. 2001). However, "[c]ontracts are binding only upon those who are parties thereto, and are enforceable only by the parties to a contract or those in privity with it . . . ." Wells Fargo Bank, N.A. v. Heath, 280 P.3d 328, 334 (Okla. 2012); see also Bjorklund v. Miller, 2009 WL 2901214, *10 (N.D. Okla. Sep. 3, 2009) (dismissing breach of contract claims against individual defendants who were not party to the contract).

Plaintiff identifies four legal theories under which a company may be deemed a party to contract entered into by a subsidiary or related entity. Dkt. # 25, at 5. Plaintiff argues that a contract may be entered into by an agent on behalf of a principal, and cites Hutchison Lumber Co. v. Lewis, 214 P. 721 (Okla. 1923). Plaintiff also claims that the parent company, CareATC, and the subsidiary, CATC, acted as a single entity, and she raises a separate argument that the subsidiary is merely an instrumentality of the principal. Dkt. # 25, at 5. Finally, plaintiff cites the single employer doctrine utilized by federal courts in the context of employment discrimination claims. See Bristol v. Bd. of County Commr's of County of Clear Creek, 312 F.3d 1213, 1220 (10th Cir. 2002). The Court has subject matter jurisdiction over this case based on diversity jurisdiction, and the Court must apply Oklahoma substantive law to resolve plaintiff's claims. Racher v. Westlake Nursing Home Limited Partnership, 871 F.3d 1152, 1162 (10th Cir. 2017). Plaintiff's reference to the single employer doctrine is not supported by any reference to Oklahoma legal authority, and the Court will not consider this as a basis to hold CareATC liable for breach of contract.

Defendants argue that plaintiff failed to include any allegations in her complaint concerning these theories under which CareATC can allegedly be held liable under the employment agreements, and the new legal theories raised in response to the motion for summary judgment are simply a belated attempt to amend plaintiff's complaint. Dkt. # 29. The Court has reviewed plaintiff's complaint and does not find any allegations concerning the legal basis to hold CareATC liable as a party to either employment agreement. Plaintiff argues that defendants' motion for summary judgment is "incomplete," because defendants failed to advance alternative arguments under which CareATC could have been deemed a party to the employment agreements. Dkt. # 25, at 6. However, defendants are correct that CareATC is not named as a party to either employment

agreement, and plaintiff has the burden to show that CareATC can be held liable for breach of contract. See Wells Fargo Bank, N.A., 280 P.3d at 334 ("privity of contract is an essential element of a cause of action on a contract"). As a procedural matter, defendants have met their burden to show that CareATC was not a party to either employment agreement, and the burden shifts to plaintiff to "set forth specific facts from which a rational trier of fact for the nonmovant" on the issue of CareATC's liability under the employment agreements. See Savant Homes, Inc. v. Collins, 809 F.3d 1133 (10th Cir. 2016).

Plaintiff cites general principles of agency law in an attempt to show that CATC and CareATC were both parties to the employment agreements, and plaintiff's response makes no attempt to apply the evidence to any specific legal theory. Plaintiff cites Hutchison Lumber Co. for the general principle that a disclosed principal who enters an agreement under the name of his agent and causes the contract to be reduced to writing may be identified by parol evidence and held liable under the contract. Hutchison Lumber Co., 214 P. at 714. Hutchison has not been cited by any Oklahoma court for this principle since it was issued, and the Court does not find that Hutchison in any way limits the freedom of a parent corporation to conduct business using a subsidiary. Plaintiff cites Warner v. Hillcrest Med. Ctr., 914 P.2d 1060 (Okla. Civ. App. 1995), for the proposition that a parent and subsidiary company can be treated as one entity if they "were so closely linked and so inextricably intertwined . . . ." Id. at 1067. Plaintiff fails to note that the Oklahoma Court of Civil Appeals found "no convincing evidence" that such a link existed between Hillcrest Health Care Corporation and its subsidiaries, and "the showing of a common board of directors and a unity of corporate purpose is insufficient to pierce the corporate veil." Id. at 1067. There is no evidence in this case that CATC and CareATC are so closely linked that they are effectively one entity. Finally,

plaintiff argues that a parent company may be held liable if a subsidiary is "organized and controlled and its affairs so conducted that it is merely an instrumentality or adjunct" of the parent company. Wallace v. Tulsa Yellow Cab Taxi & Baggage Co., 61 P.2d 645, 648 (Okla. 1936). Plaintiff's citation to Wallace is misleading and Wallace has no application to this case. Wallace stands for the general principle that the corporate separateness of a parent and subsidiary corporation may be disregarded when "one corporation is merely a dummy or sham," and there is no evidence in this case that CATC was created to perpetrate a fraud on plaintiff. Instead, CATC is willing to defend against plaintiff's claims and there is no evidence that CATC would be unable to pay a judgment should plaintiff prevail on her claims.

The Court has reviewed the evidence and finds that CareATC is not a proper party to plaintiff's breach of contract claims. The plain language of the employment agreements identify plaintiff and CATC as the parties to the contracts, and the evidence produced by plaintiff provides no basis for the Court to disregard the corporate separateness of CareATC and CATC.

**IT IS THEREFORE ORDERED** that Defendants' Combined Motion for Partial Summary Judgment and Brief in Support (Dkt. # 24) is **granted**, and summary judgment is entered in favor of defendant CareATC, Inc. only. CareATC, Inc. is terminated as a party to this action.

**DATED** this 4th day of August, 2021.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE